**IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CATO INSTITUTE,** | ) |
| 1000 Massachusetts Ave. NW | ) |
| Washington, D.C. 20001 | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, D.C. 20535 | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| 950 Pennsylvania Ave NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff, CATO INSTITUTE, brings this Freedom of Information Act suit to force Defendants FEDERAL BUREAU OF INVESTIGATION ("FBI") and U.S. DEPARTMENT OF JUSTICE ("DOJ") to comply with Plaintiff's FOIA request for all Type 1, Type 2, and Type 3 FBI Assessments (as defined in the Domestic Investigations and Operations Guide) opened since September 29, 2008. These Assessments are created in the course of the FBI's investigative activities without the requirement of a criminal predicate involving alleged or actual violations of Federal criminal law or threats to the national security.

## PARTIES

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and

peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues.

3. Defendant FEDERAL BUREAU OF INVESTIGATION ("FBI") is a federal agency, a component of U.S. DEPARTMENT OF JUSTICE, and subject to the Freedom of Information Act, 5 U.S.C § 552.

4. Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**BACKGROUND**

7. The FBI first issued the Domestic Investigations Operations Guide ("DIOG") to "help implement the new Attorney General's Guidelines for Domestic FBI Operations that were issued earlier in 2008." Federal Bureau of Investigation, FBI Records: The Vault, *FBI Domestic Investigations and Operations Guide* (last visited Mar. 21, 2021), https://vault.fbi.gov/reading-room-index (follow "FBI Domestic Investigations and Operations Guide (DIOG)" hyperlink).

8. The Preamble of the DIOG states that the DIOG's purpose is to "standardize policy" so that the FBI's "investigative activities are accomplished in a consistent manner." Federal Bureau of Investigation, FBI Records: The Vault, *Domestic Investigations and Operations Guide* (Sept. 28, 2016), https://vault.fbi.gov/reading-room-index (follow "FBI Domestic Investigations and Operations Guide (DIOG)" hyperlink; then follow "FBI Domestic Investigations and Operations Guide (DIOG) 2016 Version" hyperlink; then download two PDF files via "FBI Domestic Investigations and Operations Guide (DIOG) 2016 Version" hyperlinks).

9. Further, according to the Preamble, the DIOG incorporates numerous FBI manuals, electronic communications, letterhead memoranda, various policy documents, and the operational division policy guides to consolidate the FBI's policy guidance. *Id.*

10. Finally, the Preamble of the DIOG states that the FBI regularly revises and updates the DIOG to reflect changes to Executive Orders, the Attorney General Guidelines, federal statutes, and suggestions offered by FBI field offices and FBIHQ Divisions. *Id.*

11. Section 2.3 of the DIOG notes that the word "Assessment" has two distinct meanings: 1) "The Attorney General's Guidelines for Domestic FBI Operations authorizes as an investigative activity an 'Assessment,' which requires an authorized purpose as discussed in DIOG Section 5"; and 2) "the United States Intelligence Community uses the word 'Assessment' to describe written intelligence products, as discussed in the DIOG Section 15.6.1.2." *Id.*

12. According to Section 5.4.1 of DIOG, Type 1 & 2 Assessments "[s]eek information, proactively or in response to investigate leads, relating to activities – or the involvement or role of individuals, groups, or organizations relating to those activities – constituting violations of Federal criminal law or threats to the national security." *Id.*

13. Section 5.4.1 of DIOG states that Type 3 Assessments "[i]dentify, obtain and utilize information about actual or potential national security threats or Federal criminal activities, or the vulnerability to such threats or activities." *Id.*

**SEPTEMBER 10, 2020, FOIA REQUEST**

14. On September 20, 2020, CATO INSTITUTE submitted a FOIA request to the FBI for "all Type 1, Type 2, and Type 3 FBI Assessments (as defined in the Domestic Investigations and Operations Guide, DIOG) opened since September 29, 2008." Exhibit A.

15. FBI assigned reference number NFP-124015 to the matter.

16. On October 2, 2020, FBI stated that the request is "overly broad" and "does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'" Exhibit B.

17. FBI closed the request for the above reasons. *Id.*

18. On October 2, 2020, CATO INSTITUTE appealed the FBI's determination. Exhibit C.

19. In the appeal, CATO INSTITUTE specifically cited Appendix J of DIOG, which requires and instructs the FBI to index these records by including the word "Assessment" in the title or caption of the opening electronic case. *Id.*

20. The DIOG Section J.2 also specifies that the "text of FBI-generated documents must be uploaded to the Electronic Case File (ECF) component of the ACS system to be searchable, retrievable, and sharable through automated means." *Id.* (citing *Domestic Investigations and Operations Guide* (Sept. 28, 2016)).

21. According to the FBI's Privacy Impact Assessment (PIA) for the SENTINEL System,

> SENTINEL provides management for cases, records, tasks, workflow, and collected items, as well as search and reporting capabilities that will replace the current, paper-based case management system and its associated functions. SENTINEL provides FBI employees the ability to create case documents and submit them through an electronic workflow process. Supervisors, reviewers, and others involved in the approval process can review, comment, and approve the insertion of documents into the appropriate FBI electronic case files. Upon approval, the SENTINEL system serializes and uploads the documents into the SENTINEL repositories, where the documents will become part of the official FBI case file. SENTINEL maintains an auditable record of all transactions. SENTINEL provides web-based access for all authorized users and an improved search and indexing capability, yielding access to all relevant data to which the user is permitted access. SENTINEL documents and manages cases from inception to closure. The implementation of SENTINEL results in the consolidation and simplification of processes, and significantly reduces the dependence on paper forms and on the transfer and filing of those forms.

Federal Bureau of Investigation, *Privacy Impact Assessment for the SENTINEL System* (last visited Apr. 13, 2021), https://www.fbi.gov/services/information-management/foipa/privacy-impact-assessments/sentinel.

22. The SENTINEL PIA further states that

> The primary purpose of SENTINEL is to perform case management. SENTINEL also provides capabilities for search and intelligence analysis, although this is not the main focus of the system. The search and intelligence analysis capabilities provided by SENTINEL can be used to identify connections between cases and patterns of activity. SENTINEL will provide functionality to search and report against information contained within and across cases, which may reveal previously unknown relationships among individuals and groups under investigation. The search service includes Name Search capability (including name variations and foreign names), biographical information (e.g., country of birth, date of birth, weight, height), and Full Text Search capability, including support for different search types (Fuzzy, Wild Card, proximity, Boolean) and Sentinel returns results by predetermined relevancy/ranking factors.

*Id.*

23. CATO INSTITUTE's September 20, 2020 FOIA request contained discrete search terms (i.e., "Assessments", "Sensitive Investigative Matter", "Undisclosed Participation", etc.) that are clearly searchable via SENTINEL.

24. On October 2, 2020, DOJ acknowledged receipt of the appeal and assigned reference number A-2021-02171. Exhibit D.

25. On February 25, 2021, DOJ affirmed the FBI's decision on the request. DOJ claimed the request was not "reasonably described" because CATO INSTITUTE "did not characterize the records sought in such a way that they could be located without searching through millions of records." Exhibit E.

26. As of the date of this filing, Defendants have not complied with FOIA and have produced no records responsive to the request.

**COUNT I – SEPTEMBER 10, 2020, FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION – FAILURE TO PRODUCE RECORDS**

27. The above paragraphs are incorporated herein.

28. FBI and DOJ are federal agencies and subject to FOIA.

29. The requested records are not exempt under FOIA.

30. Defendants have failed to produce records responsive to the request.

**COUNT II – SEPTEMBER 10, 2020, FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION – FAILURE TO CONDUCT A REASONABLE SEARCH**

31. The above paragraphs are incorporated herein.

32. FBI and DOJ are federal agencies and subject to FOIA.

33. The requested records are not exempt under FOIA.

34. Defendants have failed to conduct a reasonable search for records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to promptly produce the requested records;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award CATO INSTITUTE attorneys' fees and costs; and

v. award any other relief the Court considers appropriate.

Dated: April 15, 2021

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorney for Plaintiff
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com