September 10, 2020

VIA FBI FOIA PORTAL

Federal Bureau of Investigation
Work Process Unit
170 Marcel Drive
Winchester, VA 22602

To the responsible FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request copies of all Type 1, Type 2, and Type 3 FBI Assessments (as defined in the Domestic Investigations and Operations Guide, DIOG) opened since September 29, 2008.

Pursuant to this request, I ask that the FBI search any cross-reference files or electronic surveillance (ELSUR), technical surveillance (TESURS), or microphone surveillance (MISURS) files for responsive records, and to query FBI field offices for potentially responsive documents, including those deemed automatically declassified per the FBI Automatic Declassification Manual issued in May 2007. Further, I ask that any search include records generated pursuant to "sensitive investigative matters," "assessments" or "undisclosed participation" as described in DIOG likewise be conducted. Additionally, this request encompasses a search of the FBI's SharePoint system, as well as any other systems used for electronic communications (ECs) or the dissemination of FBI alerts or intelligence products. Finally, I ask that any search include any references to 5 U.S.C. § 552(c)(1), (c)(2), or (c)(3) in connection with the subject of this request.

In order to help to determine my status to assess fees, you should know that I am a Research Fellow and scholar at the Cato Institute, an IRS-recognized 501(c)(3) nonprofit educational and public interest organization. As I am employed by an educational or noncommercial scientific institution, this request is made for a scholarly or scientific purpose and not for a commercial use. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I request a waiver of all fees for this request.

Whenever possible, please provide the requested information in electronic Portable Document Format (PDF). If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees. I would appreciate your communicating with me by email or telephone, rather than by mail. My email address is peddington@cato.org and my cell number is 571-215-3468.

Please provide expedited processing of this request which concerns a matter of urgency. As a Research Fellow, my job is disseminating information. The public has an urgent need for information about ongoing FBI surveillance or related operations that have contributed to the violation of fundamental constitutional rights. Federal government domestic surveillance activities are a source of media stories on literally a weekly basis, making this a very high-profile topic of intense public and Congressional interest.

Exhibit A

As a Cato scholar, I meet the statutory definition of a "representative of the news media" per Cause of Action v. F.T.C., 799 F.3d 1108 (D.C. Cir. 2015) as Cato and its scholars (1) gather information of potential interest (2) to a segment of the public; (3) use editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to one or more audiences. Accordingly, I ask for expedited processing on that basis. I certify that my statements concerning the need for expedited processing and fee waivers are true and correct to the best of my knowledge and belief.

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires. Thank you for your assistance.

Sincerely,

Patrick G. Eddington
Research Fellow
Cato Institute
5106 Southampton Drive
Annandale, VA 22003
571-215-3468 (cell)
peddington@cato.org

**Subject: eFOIA Request Received**

*CAUTION: External Email*

## Organization Representative Information

| | |
|---|---|
| **Organization Name** | |
| **Prefix** | r. |
| **First Name** | |
| **Middle Name** | |
| **Last Name** | ddington |
| **Suffix** | |
| **Email** | |
| **Phone** | 712153468 |
| **Location** | |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | 06 Southampton Drive |
| **Address Line 2** | |
| **City** | |

| | |
|---|---|
| **State** | |
| **Postal** | 2003 |

## Agreement to Pay

| | |
|---|---|
| **How you will pay** | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
| **Allow up to $** | 5 |

## Proof Of Affiliation for Fee Waiver

| | |
|---|---|
| **Waiver Explanation** | `See attached request regarding Type 1, Type 2, and Type 3 Assessments.` |
| **Documentation Files** | |

## Non-Individual FOIA Request

| | |
|---|---|
| **Request Information** | `See attached request regarding Type 1, Type 2, and Type 3 Assessments.` |

## Expedite

| | |
|---|---|
| **Expedite Reason** | `See attached request regarding Type 1, Type 2, and Type 3 Assessments.` |

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

October 2, 2020

MR. PATRICK GLENN EDDINGTON
CATO INSTITUTE
5106 SOUTHAMPTON DRIVE
ANNANDALE, VA 22003

FOIPA Request No.: NFP-124015
Subject: All Type 1, Type 2, and Type 3 FBI Assessments
(Opened Since September 29, 2008)

Dear Mr. Eddington:

This is in response to your Freedom of Information Act (FOIA) request. Your request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records "with a reasonable amount of effort." Therefore, your request is being closed.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov. You may also visit www.fbi.gov and select "Services," "Information Management," and "Freedom of Information/Privacy Act" for additional guidance.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief,
Record/Information
  Dissemination Section
Information Management Division

Exhibit B

October 2, 2020

VIA FOIASTAR

Director, Office of Information Policy (OIP)
United States Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, D.C. 20530-0001

To the responsible FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I hereby appeal the adequacy of the search conducted regarding my request NFP-124015, regarding Type 1, Type 2, and Type 3 FBI Assessments.

The Bureau's response claims that my request was too broad to undertake a search. I disagree. To be valid, a request need only "reasonably describe" the records it seeks so that knowledgeable agency employees will be able to determine "precisely what records are being requested." Yeager v. DEA, 678 F.2d 315, 322 (D.C. Cir. 1982). Similarly, an agency cannot reject a request on the grounds that a search would be burdensome. And the fact that a request may yield a great many responsive records is immaterial, so long as the agency can identify which records to produce. Id. As is the case with any FOIA or Privacy Act request, the official legal definition of a "record" is codified at 44 U.S.C. § 3301. That is exactly the standard that applies here.

Moreover, the FOIA statute does not require a requester to know, much less provide, detailed, specific office or component descriptions for a FOIA request to be statutorily valid. As the D.C. Circuit has held, it is "inevitable that the party with the greatest interest in obtaining disclosure is at a loss to argue with desirable legal precision for the revelation of the concealed information." Vaughn v. Rosen, 484 F.2d 820, 823, 828 (D.C. Cir. 1973) (imposing a "substantial burden on an agency seeking to avoid disclosure" to alleviate this problem). Like almost all FOIA requesters, I am at an "informational disadvantage." Judicial Watch, Inc. v. U.S. Dep't of Justice, 57 F. Supp. 3d 48, 52 (D.D.C 2014).

Appendix J, Section J.1.4.5.1.1 of the DIOG makes clear that Type 1 and Type 2 Assessments "must be filed in an applicable zero sub-assessment file (e.g., 91-0-ASSESS-D, 15-0-ASSESS) when completed" and that Type 3 Assessments (per section J.1.4.5.1.2) notes that

> The title/caption of the opening EC must contain the word 'Assessment,' and the synopsis must identify the purpose and the objective of the Assessment. If at the time of the opening, or at any time thereafter, the Assessment involves a sensitive investigative matter, the title/caption must contain the words 'Assessment' and 'Sensitive Investigative Matter.'

Section J.2 also notes that

> The text of FBI-generated documents must be uploaded into the Electronic Case File (ECF) component of the ACS system to be searchable, retrievable, and sharable through automated means. A full text search of the ACS system's ECF identifies only information that is available electronically and does not search for information that may be contained in the FBI's paper records. (italics added)

It is clear that FBI systems are capable of searching for and retrieving those records designated as Assessments. Accordingly, my request more than adequately meet FOIA statutory requirements, and I respectfully ask that OIP remand my request to FBI for immediate processing.

In order to help to determine my status to assess fees, you should know that I am a research fellow and scholar at the Cato Institute, an IRS-recognized 501(c)(3) nonprofit educational and public interest

Exhibit C

organization. As I am employed by an educational or noncommercial scientific institution, this request is made for a scholarly or scientific purpose and not for a commercial use. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. I request a waiver of all fees for this request.

Whenever possible, please provide the requested information in electronic Portable Document Format (PDF). If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees. I would appreciate your communicating with me by email or telephone, rather than by mail. My email address is peddington@cato.org and my cell number is 571-215-3468.

Please provide expedited processing of this request which concerns a matter of urgency. As a Research Fellow, I am primarily engaged in disseminating information. The public has an urgent need for information about whether the FBI has conducted potentially unconstitutional surveillance or related activities against domestic organizations engaged in constitutionally protected activities. Assessments released to me previously by the FBI on the League of Women Voters and the International Rescue Committee, among others, raise fundamental concerns that the FBI is utilizing the Assessment process as a means of unconstitutionally monitoring domestic groups engaged in the public policy process. Federal government domestic surveillance activities are a source of media stories on literally a weekly basis, making this a very high-profile topic of intense public and Congressional interest.

As a Cato scholar, I meet the statutory definition of a "representative of the news media" per Cause of Action v. F.T.C., 799 F.3d 1108 (D.C. Cir. 2015) as Cato and its scholars (1) gather information of potential interest (2) to a segment of the public; (3) use editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to one or more audiences. Accordingly, I ask for expedited processing on that basis.

I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief. I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires. Thank you for your assistance.

Sincerely,

Patrick G. Eddington
Research Fellow
Cato Institute
5106 Southampton Drive
Annandale, VA 22003
571-215-3468 (cell)
peddington@cato.org



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

October 02, 2020

Patrick Eddington
CATO
5106 Southampton Drive
Annandale, VA 22003
peddington@cato.org

Dear Patrick Eddington:

    This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. NFP-124015 on 10/02/2020.

    In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2021-02171 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

Exhibit D



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Patrick Eddington
Cato Institute
5106 Southampton Drive
Annandale, VA  22003
peddington@cato.org

February 25, 2021

Re:   Appeal No. A-2021-02171
Request No. NFP-124015
CDT:JKD

**VIA: online portal**

Dear Patrick Eddington:

    You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for copies of all Type 1, Type 2, and Type 3 Assessments opened since September 29, 2008.  I note that your appeal concerns the FBI's determination that your request was overly broad.

    After carefully considering your appeal, I am affirming the FBIs action on your request. A proper FOIA request for records must reasonably describe the records sought.  See 5 U.S.C. § 552(a)(3)(A); see also 28 C.F.R. § 16.3(b)(2020).  Your request is not reasonably described because you did not characterize the records sought in such a way that they could be located without searching through millions of records.  Courts have consistently held that the FOIA does not require agencies to conduct "unreasonably burdensome" searches for records.  See, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995).  If you would like to narrow the scope of your request, please contact the FBI directly.

    Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

    If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

    For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information

Exhibit E

Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____
Matthew Hurd, Acting Chief, Administrative Appeals Staff