UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>  Defendants. | Civil Action No. 21-1054 (RDM) |

## ANSWER

Defendants Federal Bureau of Investigation ("FBI") and the U.S. Department of Justice (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff Cato Institute ("Plaintiff"). All allegations not specifically admitted are denied.

1.      This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), that Plaintiff submitted a FOIA request for all Type I, Type II, and Type III assessments as defined in the FBI's Domestic Investigations and Operations Guide ("DIOG") that have been opened since September 29, 2008. Defendants deny all remaining allegations.

**PARTIES**[1]

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

**JURISDICTION AND VENUE**

5. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

6. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

**BACKGROUND**

7. This paragraph refers to an FBI website, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the website cited for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

8. This paragraph refers to language in the Preamble to the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the Preamble of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

9. This paragraph refers to language in the Preamble to the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Court to the Preamble of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

10.     This paragraph refers to language in the Preamble to the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the Preamble of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

11.     This paragraph refers to language in section 2.3 of the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to section 2.3 of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

12.     This paragraph refers to language in section 5.4.1 of the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to section 5.4.1 of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

13.     This paragraph refers to language in section 5.4.1 of the 2016 version of the DIOG, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to section 5.4.1 of the 2016 version of the DIOG for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

**SEPTEMBER 10, 2020, FOIA REQUEST**

14.     Defendants admit that Plaintiff submitted a FOIA request to the FBI but deny that it was submitted on September 20, 2020. Defendants aver that Plaintiff's FOIA request was submitted on September 10, 2020. The remaining allegations in this paragraph refer to Plaintiff's FOIA request, which speaks for itself. To the extent a response is required, Defendants respectfully

refer the Court to Plaintiff's FOIA request for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

15. Defendants admit the allegations in this paragraph to the extent they are intended to state that the FBI assigned Plaintiff's FOIA request FOIPA Request Number NFP-124015.

16. This paragraph refers to the FBI's letter to Plaintiff dated October 2, 2020, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the FBI's October 2, 2020 letter for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

17. Defendants admit that the FBI closed Plaintiff's FOIA request for the reasons stated in its October 2, 2020 letter to Plaintiff.

18. Defendants admit that Plaintiff appealed the FBI's determination by letter dated October 2, 2020.

19. Defendants admit that Plaintiff cited to a version of Appendix J in the appeal letter.[2] Defendants deny the remaining allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. This paragraph refers to an FBI website, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the cited FBI website for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

22. This paragraph refers to an FBI website, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to the cited FBI website for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

---

[2] Plaintiff did not cite the year of the version of the DIOG referenced in his October 2, 2020, appeal letter.

23. Defendants deny the allegations in this paragraph.

24. Defendants admit the allegations in this paragraph.

25. This paragraph refers to the determination by the U.S. Department of Justice's Office of Information Policy ("OIP") on Plaintiff's appeal, which speaks for itself. To the extent a response is required, Defendants respectfully refer the Court to OIP's determination letter for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

26. Defendants deny that the FBI has not complied with Plaintiff's FOIA but admit that the FBI has not issued any records in response to Plaintiff's FOIA request.

**COUNT I – SEPTEMBER 10, 2020, FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION – FAILURE TO PRODUCE RECORDS**

27. Defendants incorporate by reference their response to the paragraphs above.

28. Defendants admit the allegations in this paragraph.

29. Defendants lack knowledge and sufficient information to admit or deny the allegations in this paragraph.

30. Defendants admit the FBI has not released any records to Plaintiff in response to Plaintiff's FOIA request. Defendants deny the allegations in this paragraph to the extent they are intended to imply that the FBI has an obligation to produce records in response to Plaintiff's FOIA request.

**COUNT II – SEPTEMBER 10, 2020, FOIA REQUEST**
**DEFENDANTS' FOIA VIOLATION – FAILURE TO CONDUCT A REASONABLE SEARCH**

31. Defendants incorporate by reference their response to the paragraphs above.

32. Defendants admit the allegations in this paragraph.

33. Defendants lack knowledge and sufficient information to admit or deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph.

Paragraphs i.-v. following the "Wherefore" clause of Plaintiff's Complaint consist of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of the litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

### Second Defense

Plaintiff is not entitled to compel production of records exempt from disclosure under FOIA.

### Third Defense

Plaintiff's FOIA request does not comply with the requirements of FOIA or U.S. Department of Justice regulations for submitting FOIA requests.

Dated: June 2, 2021
Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:       /s/ *Michael A. Tilghman II*
MICHAEL A. TILGHMAN II
D.C. Bar #988441
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-7113
Michael.Tilghman@usdoj.gov

*Attorneys for the United States of America*